**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN PATAKY and DEBRA RUBIN
PATAKY,

    Plaintiffs,

v.

                        **Case No: 3:15-cv-00723-LA-JBT**

COLLEGE BOARD and
EDUCATIONAL TESTING
SERVICE,

    Defendants.

_____/

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK**

# **TABLE OF CONTENTS**

SUMMARY .................................................................................................................. 1

BACKGROUND ........................................................................................................ 2

I.  This Suit Could Have Been Brought In The Eastern District Of New York ..... 6

II. Transferring This Case To The Eastern District Of New York Will Be More Convenient For The Parties And Witnesses And Will Serve The Interests Of Justice ..................................................................................................... 7

CONCLUSION............................................................................................................ 14

LOCAL RULE 3.01(g) CERTIFICATION................................................................ 14

CERTIFICATE OF SERVICE ................................................................................... 15

# **TABLE OF AUTHORITIES**

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Baker v. Major League Baseball Properties, Inc.*, No. 3:08cv114/MCR,
    2009 WL 1098482 (N.D. Fla. Apr. 22, 2009) ....................................................... 11

*Brown v. Connecticut General Life Insurance Co.*,
    934 F.2d 1193 (11th Cir. 1991) ........................................................................... 11

*Central Money Mortgage Co. IMC v. Holman*,
    122 F. Supp. 2d 1345 (M.D. Fla. 2000) .............................................................. 12

*Collegiate Licensing Co. v. American Casualty Co. of Reading, Pa.*,
    713 F.3d 71 (11th Cir. 2013) ................................................................................. 9

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960) ........................................ 10

*Curry v. HSBC Holdings*, No. 6:14-cv-1099-Orl-37GJK,
    2014 WL 4791994 (M.D. Fla. Sept. 23, 2014) ..................................................... 5

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) .................................................................. 6

*Delorenzo v. HP Enterprise Services*, No. 8:14-cv-1070,
    2015 WL 576383 (M.D. Fla. Feb. 11, 2015) ............................... 5, 6, 8, 11, 13, 14

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006) ................................................................. 10

*Gucci America, Inc. v. Li*, 768 F.3d 122 (2d Cir. 2014) ..................................................... 6

*Hoffman v. Blaski*, 363 U.S. 335 (1960) ............................................................................ 7

*In re Checking Account Overdraft Litigation*,
    859 F. Supp. 2d 1313 (S.D. Fla. 2012) ................................................................. 9

*In re: Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices
    Litigation*, 582 F. Supp. 2d 1373 (J.P.M.L. 2008) ................................................ 8

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ....................................................... 7

*In re Land Rover LR3 Tire Wear Products Liability Litigation*,
    598 F. Supp. 2d 1384 (J.P.M.L. 2009) .................................................................. 8

*In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989) .............................................................. 8

*J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ........................................6

*Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297 (S.D. Fla. 2013)..................................8

*Manuel v. Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2005) ..........................................8, 9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*,
    675 F.2d 1169 (11th Cir. 1982) ..................................................................................9

*Osgood v. Discount Auto Parts, LLC*,
    981 F. Supp. 2d 1259 (S.D. Fla. 2013) ......................................................................9

*River Road International, L.P. v. Josephthal Lyon & Ross Inc.*,
    871 F. Supp. 210 (S.D.N.Y. 1995) ..........................................................................12

*Rudolph & Me, Inc. v. Ornament Central, LLC.*, No. 8:11-CV-670-T-
    33EAJ, 2011 WL 3919711 (M.D. Fla. Sept. 7, 2011) .........................................9, 11

*SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC*, 8:11-
    cv-1925-T-23EAJ, 2014 WL 4791997 (M.D. Fla. Sept. 22, 2014) ..........................5

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) ................................................................6

*Suomen Colorize Oy v. DISH Network L.L.C.*,
    801 F. Supp. 2d 1334 (M.D. Fla. 2011) ..........................................................6, 9, 10

*Tampa Bay Storm, Inc. v. Arena Football League, Inc.*,
    932 F. Supp. 281 (M.D. Fla. 1996) ..........................................................................11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) .......................................................................5

**STATUTES**

28 U.S.C. § 1332..............................................................................................................4, 7

28 U.S.C. § 1391...................................................................................................................7

28 U.S.C. § 1404..........................................................................................1, 5, 6, 7, 11, 12

**OTHER AUTHORITIES**

The College Board, *Information Regarding the Saturday, June 6, SAT
    Administration*, https://lp.collegeboard.org/information-regarding-
    the-saturday-june-6-sat-administration (last updated June 25, 2015
    at 12:01 a.m. ET) ........................................................................................................3

Pursuant to 28 U.S.C. § 1404, Defendants the College Board and Educational Testing Service ("ETS") respectfully move for an order transferring this case to the United States District Court for the Eastern District of New York ("E.D.N.Y.").

Given the pendency of Plaintiffs' motion for a preliminary injunction, Defendants respectfully request that this motion be granted as quickly as the Court's schedule allows.

The grounds and authority for this motion are set forth in the following supporting memorandum. The memorandum is incorporated as part of this motion.

## MEMORANDUM

Defendants submit the following memorandum in support of their Motion for Transfer to the Eastern District of New York.

## SUMMARY

This case relates to a printing error in the test booklets used for the June 6, 2015 administration of the SAT in the United States. Defendants reported scores for the June 6 SAT without reference to the sections of the exam affected by the printing error. Plaintiffs—parents of a test taker—filed suit seeking to represent a class of parents of minors who took the test, as well as test takers over the age of 18. On June 30, 2015, they moved for a preliminary injunction ordering Defendants—the organizations that, respectively, own and administer the SAT—(a) to schedule a free test administration this summer for all June 6 SAT test takers, and (b) to give those test takers the right to view their "scores" on the unscored sections of the exam and then to cancel their June 6 SAT scores if they so choose.

This case is one of three similar putative class actions—the others were filed in the Eastern District of New York ("E.D.N.Y.") and the District of New Jersey ("D.N.J.")—each purportedly on behalf of a similar class, bringing similar claims, and seeking similar ultimate relief. The first-filed case is pending in the E.D.N.Y. The plaintiffs in that case have similarly moved for a temporary restraining order, which will be fully briefed this Wednesday (July 8) and is scheduled for a conference on July 15.

Immediate transfer of this action to the E.D.N.Y. will result in the most efficient disposition of the overlapping injunctive and damages claims brought in the three cases.[1] There will be no prejudice to any party, as the district court in New York has already demonstrated its willingness to move these cases expeditiously. Moreover, immediate transfer of this action is in the interest of judicial economy, as it would obviate the need for multiple district courts to consider the same facts and circumstances, similar claims, and overlapping class-wide demands for damages and equitable relief. Finally, immediate transfer is necessary to ensure fairness to Defendants, who are currently facing parallel, fast-moving injunctive proceedings seeking overlapping relief.

## BACKGROUND

Three hours into the June 6 SAT, Defendants discovered a printing error in the test booklets used to administer the test in the United States: The test booklets erroneously stated that test takers had 25 minutes to complete the third of three reading sections—not 20 minutes, as the proctor's manual said. Compl. ¶¶ 22-24. As a result of the error, some proctors gave test takers 25 minutes to complete the section while others

---

[1]   Should Defendants' motion be granted, they will seek to consolidate this action with the first-filed *Ellinghaus* action. *See infra* pp. 3-4.

allowed only 20.  Because of the way SAT test booklets are assembled—reading and math sections are presented in different orders in different test booklets—students completing the last of three math sections were also affected.  *Id.* ¶ 23.

Defendants promptly addressed the situation.  They publicized the error on June 7 and announced the next day that the affected sections of the June 6 SAT would not be scored.  Compl. ¶ 24.  That announcement followed a "comprehensive review and statistical analysis," which confirmed that Defendants could "provid[e] reliable scores for all students who took the SAT in the U.S. on June 6."[2]  Like all test takers after every SAT administration, students who took the SAT on June 6 had the right to cancel their scores immediately following the administration.  Scores (other than those cancelled by test takers) were reported to test takers; the colleges, universities, and scholarship providers they designated; and test takers' high schools on or before June 25, 2015.  The College Board later announced that any test takers concerned that their "testing experience was negatively affected by the printing error" would have the opportunity to take the SAT free of charge at the next scheduled administration in October.[3]

The printing error spawned three overlapping putative class actions, in three different federal district courts, asserting materially identical claims for classwide relief.  Julia Ellinghaus, a June 6 SAT test taker, filed suit in the E.D.N.Y. on June 15, 2015, in her individual capacity and on behalf of a putative class of test takers.  *See* Compl., *Ellinghaus v. Educational Testing Service*, No. 15-cv-03442 (E.D.N.Y.) ("*Ellinghaus*

---

[2]   *See also* The College Board, *Information Regarding the Saturday, June 6, SAT Administration*, https://lp.collegeboard.org/information-regarding-the-saturday-june-6-sat-administration (last updated June 25, 2015 at 12:01 a.m. ET) (incorporated by reference at Compl. ¶ 24).

[3]   *Id.*; *see also* Compl. ¶ 26.

Compl."). John Pataky and Debra Rubin Pataky, parents of another June 6 SAT test taker, filed suit in this Court on June 16, 2015, both in their individual capacities and on behalf of a putative class of test takers' parents and test takers over the age of 18. *See* Compl., *Pataky v. College Board*, No. 15-cv-00723 (M.D. Fla.) ("*Pataky* Compl."). Most recently, Jennie Whalen, a third June 6 SAT test taker, filed suit in the D.N.J. on June 22, 2015, both in her individual capacity and on behalf of a putative class of test takers. *See* Compl., *Whalen v. Educational Testing Service*, No. 15-cv-04210 (D.N.J.) ("*Whalen* Compl.").[4] Both Ellinghaus and Whalen reside in Nassau County, New York, which is located in the E.D.N.Y. *See Ellinghaus* Compl. ¶¶ 17-18; *Whalen* Compl. ¶¶ 18-19. The College Board is headquartered in New York City; ETS's headquarters are in Princeton, New Jersey.

Each action makes the same factual allegations about the June 6 SAT administration, *see Pataky* Compl. ¶¶ 20-26; *Ellinghaus* Compl. ¶¶ 1-15; *Whalen* Compl. ¶¶ 1-15, and asserts negligence, breach of contract, and unjust enrichment claims on behalf of the class, *see Pataky* Compl. ¶¶ 35-58; *Ellinghaus* Compl. ¶¶ 67-101; *Whalen* Compl. ¶¶ 68-102.[5] There have been no substantive rulings in any of these actions. Ellinghaus moved on June 26 for a temporary restraining order/preliminary injunction, seeking classwide relief relating to the release of the June 6 SAT scores. *See* Plaintiffs' Motion for TRO, *Ellinghaus*, Dkt. 5. Defendants opposed the motion on July 1, and

---

[4] Defendants are filing a motion for transfer to the Eastern District of New York in the *Whalen* case as well.

[5] Each case invokes the court's diversity jurisdiction. *See* 28 U.S.C. § 1332.

Ellinghaus's reply is due July 8. The court has scheduled a conference on the motion for July 15. *See* June 29, 2015 Order, *Ellinghaus*.

On June 30, Plaintiffs in this case also filed a motion for a preliminary injunction, likewise seeking injunctive relief relating to the June 6 SAT scores. Defendants' response to the motion is due July 14, 2015. No hearing has been scheduled. On July 2, 2015, the parties filed a joint motion to extend Defendants' time to respond to the complaint until August 7, 2015, Dkt. 11, which was granted July 6, 2015, Dkt. 12.[6]

## ARGUMENT

This court may "transfer any civil action to any other district where it may have been brought" based on "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). The underlying goal of the transfer statute is efficiency— "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations removed). Courts in this District routinely grant § 1404(a) motions to transfer. *See*, *e.g.*, *Delorenzo v. HP Enterprise Serv.*, No. 8:14-cv-1070, 2015 WL 576383, at *6 (M.D. Fla. Feb. 11, 2015); *Curry v. HSBC Holdings*, No. 6:14-cv-1099-Orl-37GJK, 2014 WL 4791994, at *1 (M.D. Fla. Sept. 23, 2014); *SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG*, *LLC*, 8:11-cv-1925-T-23EAJ, 2014 WL 4791997, at *7 (M.D. Fla. Sept. 22, 2014).

---

[6] Defendants will also be filing a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to establish an MDL for actions arising from the June 6, 2015 SAT administration. The JPML will hear that motion no earlier than October. Transfer orders under § 1404 in this and other related actions filed against Defendants may obviate the need for an MDL. Defendants will keep the JPML apprised of developments, as required by JPML Rule 6.1(f).

There are two basic sets of requirements for a § 1404(a) transfer. *First*, the transferee court must have personal jurisdiction over the defendant(s) as well as subject matter jurisdiction over the action, and must offer a proper venue. *Delorenzo*, 2015 WL 576383, at *2; *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) ("An action may have been brought in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court.") (internal quotations omitted). *Second*, the court generally considers nine factors to determine whether, in its "'discretion,'" "transfer advances the convenience of the parties and the interest of justice." *Delorenzo*, 2015 WL 576383, at *2 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)). Both sets of requirements are amply met here.

## I.      This Suit Could Have Been Brought In The Eastern District Of New York

The E.D.N.Y. has personal jurisdiction over Defendants and subject-matter jurisdiction over this suit, and offers a proper venue for the litigation.

*First*, the E.D.N.Y. has personal jurisdiction over both the College Board and ETS as both regularly transact business in the State and the District. *See Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). What is more, Defendants consent to that Court's exercise of personal jurisdiction in this case. *See, e.g.*, *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780,

2787 (2011) ("A person may submit to a State's authority in a number of ways. There is, of course, explicit consent.").[7]

*Second*, the E.D.N.Y. has subject-matter jurisdiction over the suit under 28 U.S.C. § 1332(a) and (d) as a class action brought in diversity. *See* Compl. ¶ 2.

*Third*, the E.D.N.Y. is a proper venue. Under 28 U.S.C. § 1391(b)(1), "a civil action may be brought in … a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The statute defines residency for a corporate defendant as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Because, as explained above, Defendants are subject to personal jurisdiction in the E.D.N.Y., they reside there for the purposes of § 1391(b)(1) and the E.D.N.Y. is accordingly an appropriate venue.[8]

## II. Transferring This Case To The Eastern District Of New York Will Be More Convenient For The Parties And Witnesses And Will Serve The Interests Of Justice

Courts in this Circuit generally consider nine factors when determining whether to transfer a case under § 1404(a). These include:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of sources of proof; (3) the convenience

---

[7] The transferee court need not have personal jurisdiction over the plaintiff. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) ("There is no requirement under § 1404(a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff; there is only a requirement that the transferee court have jurisdiction over the defendants in the transferred complaint." (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960)).

[8] Additionally, under § 1391(b)(2), "a civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, as alleged in the *Ellinghaus* and *Whalen* suits, test takers in the E.D.N.Y. were affected by the same printing error as affected Plaintiffs' daughter in this case.

>of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Delorenzo*, 2015 WL 576383, at *2 (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). These factors apply with special force where, as here, the actions at issue are all putative class actions purportedly asserted on behalf of the same or materially similar classes. *See, e.g.*, *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (transferring action to court where related action was pending because "[b]oth are putative class actions, with the plaintiff in [the first-filed action] seeking to represent a national class"); *cf. In re Land Rover LR3 Tire Wear Products Liab. Litig.*, 598 F. Supp. 2d 1384, 1385 (J.P.M.L. 2009) (where complaints asserted overlapping putative classes, transfer under § 1407 warranted to "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to issues of class certification; and conserve the resources of the parties, their counsel and the judiciary"); *In re: Countrywide Fin. Corp. Mortgage Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. 2008) (transfer of multiple putative nationwide classes to one judge "ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties").

While the movant has the burden of establishing that a suggested alternative forum is more convenient, *see In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), these factors must be considered in view of the general rule that "[w]here two actions

involving overlapping issues and parties are pending in two federal courts, there is *a strong presumption … that favors the forum of the first-filed suit under the first-filed rule,*" *Manuel*, 430 F.3d at 1135 (emphasis added); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (same); *accord Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide it.").[9]

Weighing the nine factors, and in light of the first-filed rule, transfer to the E.D.N.Y. is warranted here:

**Convenience of the witnesses.** "The Middle District of Florida 'gives great weight to the convenience of … witnesses.'" *Suomen Colorize*, 801 F. Supp. 2d at 1338 (internal quotations omitted). Because Defendants are based in New Jersey and New York, their employees and agents—who will presumably be the majority of the witnesses called to testify—have a strong interest in having this case heard in the neighboring E.D.N.Y. rather than the Middle District of Florida. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013) ("When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum.

---

[9] Indeed, courts in the Eleventh Circuit consistently hold that the "first-filed" rule provides sufficient grounds, standing alone, to warrant transfer. *See In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012) (transferring under the first-filed rule and explaining that the rule "developed as a doctrine of federal comity. Competing lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results."); *Rudolph & Me, Inc. v. Ornament Cent., LLC.*, No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011) (transferring under first-filed rule). This Court could accordingly transfer the case under the first-filed rule without regard to the discretionary factors discussed below; in any event, those factors overwhelmingly support the propriety of transfer here.

Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide.'") (quoting *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)).

**Location of documents and sources of proof.**  This factor "examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Suomen Colorize*, 801 F. Supp. 2d at 1339. Here, as discussed, Defendants' principal places of business are located within driving distance of the E.D.N.Y.  Because discovery in this case will likely focus primarily on the printing error and Defendants' determination to report June 6 SAT scores without reference to the test sections affected by it, the vast majority of the relevant documents will presumably be found in New Jersey and New York.

**Convenience of the parties.**  Litigating this case in the E.D.N.Y. would be far more convenient for Defendants and their counsel, all of whom are located within driving distance of that District.  Plaintiffs themselves have retained New York counsel.  Further, if the case is transferred, Plaintiffs would also have the benefit of being able to pool their resources with at least one, and possibly two, other sets of plaintiffs with similar interests. On the other hand, failing to transfer this suit to the E.D.N.Y. means that Defendants will have to respond to similar motions and discovery demands in at least two and possibly three forums, which presents the precise hardship the transfer statute was meant to prevent. *See, e.g.*, *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time,

energy and money that [§] 1404(a) was designed to prevent"); *Baker v. Major League Baseball Properties, Inc.*, No. 3:08cv114/MCR, 2009 WL 1098482, at *1 (N.D. Fla. Apr. 22, 2009) (citing *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)); *see also Rudolph & Me, Inc. v. Ornament Cent., LLC*, No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011) ("The primary purpose of § 1404(a) is avoiding unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money." (citing *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996)).

**Locus of operative facts.**  Plaintiffs' contract, negligence, and unjust-enrichment claims focus primarily around decisions that were made at or near Defendants' headquarters.  While the printing error had effects at test centers in the Middle District of Florida, that is not in dispute in this lawsuit.  (Even if it were, it would not weigh heavily here, as Plaintiffs have sued on behalf of a putative nationwide class.)  The key issues raised by the complaint are whether Defendants breached a contract with test takers or their parents, were negligent, or were unjustly enriched in connection with the printing error or the reporting of June 6 SAT scores.  *See supra* p. 4.  Evidence resides in New York and New Jersey, not in Florida.

**Availability of process.**  Key witnesses are far more likely to reside within an area over which the E.D.N.Y. has subpoena jurisdiction under Federal Rule of Civil Procedure 45(c).  *Cf. Delorenzo*, 2015 WL 576383, at *4 (finding this factor weighs in favor of transfer where "in the event a witness[] is unwilling to testify, the witness will

likely reside within the territorial subpoena power of the District of Columbia, not the Middle District of Florida").

**Trial efficiency and the interests of justice.** As discussed above, Defendants face three similar lawsuits filed in three different districts. If this case and the one pending in the D.N.J. are not transferred to the E.D.N.Y., Defendants face the prospect of separately defending three simultaneous proceedings, based on very similar factual allegations and legal theories, in three different courts. Moreover, transfer to the E.D.N.Y. would permit Plaintiffs here to pool their resources with the other plaintiffs and limit duplicative discovery. *See, e.g.*, *River Road Int'l, L.P. v. Josephthal Lyon & Ross Inc.*, 871 F. Supp. 210, 213-214 (S.D.N.Y. 1995) (transfer under 1404 appropriate to coordinate discovery and eliminate "duplicative trial testimony or the inconsistent resolution of discovery disputes"). Finally, transfer benefits the judiciary by obviating the need for multiple courts to address such questions as the appropriateness of class certification and Plaintiffs' entitlement to injunctive relief. *See, e.g.*, *Cent. Money Mortgage Co. ÝIMC v. Holman*, 122 F. Supp. 2d 1345, 1347 (M.D. Fla. 2000) ("In addition to weighing the convenience of the parties and witnesses, the Court must weigh the costs, judicial economy and efficiency, expeditious discovery and trial process…. Consolidation of the cases would promote judicial economy and efficiency, and avoid problems related to duplicative actions in multiple forums."). In other words, both the parties and the courts would benefit from transferring this case to the E.D.N.Y.

These factors strongly favor transfer and together warrant the relief Defendants seek. To the extent the Court considers them, the three remaining factors weigh only slightly in favor of having this case remain in the Middle District of Florida.

**The relative means of the parties.** Plaintiffs are represented by three different law firms, *see* Compl. 13-14 (listing the Wilner Firm, Wolf Haldenstein Adler Freeman & Herz LLP, and Farah & Farah as "[a]ttorneys for Plaintiffs"), and have enlisted an out-of-state expert witness, who has prepared a 12-page report in support of their motion for a preliminary injunction, *see* Brown Aff., Dkt. 6-1. It appears unlikely that transferring this case to the E.D.N.Y. will impose any material hardship on them. Defendants are corporations, but they are nonprofit entities that channel their funding towards education-related endeavors, not litigation.

**A forum's familiarity with the governing law.** Plaintiffs' claims are brought on behalf of a nationwide class under common-law theories. This case presents no novel issue of Florida law that would counsel in favor of having a judge of this District preside over it.

**The weight accorded a Plaintiff's choice of forum.** Although Plaintiffs chose to file suit in this Court, "[w]hen the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Delorenzo*, 2015 WL 576383, at *4 (internal quotations omitted). Here, as explained above, the operative facts that the parties are litigating—*i.e.*, those relevant to resolving Plaintiffs' claims for negligence, breach of contract, and unjust enrichment—occurred in New York and/or New Jersey, not Florida. *See supra* pp. 4, 11. As a result,

"this factor only slightly favors retention" of the Middle District of Florida as the forum, *Delorenzo*, 2015 WL 576383, at *4, and indeed is entirely counterbalanced by application of the first-filed rule, *see supra* pp. 8, 9 & n.9.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court transfer this case to the United States District Court for the Eastern District of New York.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants' counsel has conferred with Plaintiffs' counsel regarding the relief requested by this motion. Plaintiffs' counsel has advised that Plaintiffs take no position on the requested relief at this time.

Dated:  July 7, 2015

Respectfully submitted,

/s/ *John P. Marino*
John P. Marino (FBN 814539)
EMAIL:  jmarino@sgrlaw.com
Kristen W. Bracken (FBN 92136
EMAIL:  kbracken@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:  904-598-6100
Facsimile:   904-598-6300

Attorneys for Defendants Educational
Testing Service and the College Board

**CERTIFICATE OF SERVICE**

I certify that on July 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

Richard J. Lantinberg (FBN 956708)
Norwood S. Wilner (FBN 222194)
EMAIL: rlantinberg@wilnerfirm.com
EMAIL: nwilner@wilnerfirm.com
The Wilner Firm
444 East Duval Street, 2nd Floor
Jacksonville, FL 32202
Tel.: (904) 446-9817
Fax: (904) 446-9825

Janine Pollack
Thomas H. Burt
EMAIL:  pollack@whafh.com
EMAIL:  burt@whafh.com
WOLF HALENDSTEIN ADLER FREEMAN
& HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212-545-4710
Facsimile:  212-545-4677

Chuck Farah, Esq. (FBN 0870080)
EMAIL: cfarah@farahandfarah.com
Farah & Farah
10 West Adams St.
Jacksonville, FL 32202
Tel: (904) 396-5555

Attorneys for Plaintiffs

*/s/ John P. Marino*
Attorney