UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN PATAKAY and DEBRA RUBIN
PATAKY,

                                                              Case No.: **3:15-cv-723-J-25JBT**

    Plaintiffs,
v.

**COLLEGE BOARD** and
**EDUCATIONAL TESTING
SERVICE**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendants' Motion to Transfer Venue (Dkt. 13), filed on July 7, 2015. Upon review, the court finds as follows:

On June 30, 2015, Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 4). On July 14, 2015, Plaintiffs filed an Amended Notice of Withdrawal of Motion (Dkt. 17), thereby withdrawing their previously filed Motion for Preliminary Injunction (Dkt. 4). Plaintiffs' Amended Notice of Withdrawal includes a paragraph expressing their consent to Defendants' Motion to Transfer Venue. (Dkt. 17, ¶ 2). Now, with the consent of the

Plaintiffs, Defendants move pursuant to 28 U.S.C. § 1404(a), to transfer venue from the Middle District of Florida to the Eastern District of New York, Central Islip Division.

In determining whether transfer is appropriate, the Court has considered: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, n.1 (11th Cir. 2005). Generally, venue is proper in a judicial district in which a defendant resides and a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

Upon review of the aforementioned factors, the Court finds the Motion is due to be granted. Specifically, the factors weighing in favor of transfer include: (1) as both Defendants regularly conduct business in the Eastern District of New York and have already consented to personal jurisdiction there in a related case, this case could have originally been brought in the

Eastern District of New York; (2) New York will be more convenient for the witnesses; (3) the majority of the pertinent business records and documentary evidence is located in New York and New Jersey; (4) a related action filed in the Eastern District of New York prior to the instant case is currently pending; and (5) as the majority of the alleged conduct occurred in New York and New Jersey, this case has very little relationship or nexus to the Middle District of Florida.

Accordingly, it is **ORDERED**:

1. Defendants College Board and Educational Testing Service's Motion to Transfer Venue (Dkt. 13) is **GRANTED**.

2. The Clerk is directed to transfer this case to the United States District Court for the Eastern District of New York, Central Islip Division and to close the file.

DONE AND ORDERED this **16** day of **July**, 2015.

HENRY LEE ADAMS, JR.
United States District Judge